# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　Plaintiff,<br>v.<br>ESTHER OREGON, an individual, and dba MEX TAX SERVICE,<br>　　　　　　　Defendant. | Case No.  1:21-cv-00461-JTL-BAM<br><br>ORDER GRANTING REQUEST FOR ORDER TO SHOW CAUSE RE CIVIL CONTEMPT; DIRECTING DEFENDANT TO FILE A WRITTEN RESPONSE; AND REQUIRING DEFENDANT TO PERSONALLY APPEAR<br><br>(Doc. 17) |

　　　　On February 2, 2022, this Court granted the parties' joint motion for entry of judgment and permanent injunction against Defendant Esther Oregon, both individually and doing business as Mex Tax Service, barring Defendant from acting as a tax return preparer. (Docs. 15, 16.)  On April 28, 2022, the United States filed a request for an order to show cause why Defendant should not be held in civil contempt[1] for failing to comply with the permanent injunction.  (Doc. 17.)  In support of its motion, the United States offers the declarations of counsel and an Internal Revenue Service Agent that indicate Defendant continued to prepare and file federal tax returns after February 2, 2022, and that Defendant collected more than $60,000 in fees from that work.  (Docs. 17-2, 17-3.)  In addition to requesting the issuance of an order to show cause and Defendant's personal appearance at any show cause hearing, the United States suggests the following

---

[1] Contempt proceedings may be civil or criminal in nature. *See Falstaff Brewing Corp. v. Miller Brewing Co*., 702 F.2d 770, 778 (9th Cir. 1983).  "Civil contempt is characterized by the court's desire to compel obedience to a court order . . . or to compensate the contemnor's adversary for the injuries with result from the noncompliance." *Id*.

1

sanctions would be appropriate: disgorgement of the $60,000 in fees Defendant earned in violation of the permanent injunction; and an award of attorney's fees and expenses to the United States. (Doc. 17 at 6–8.) For the reasons set forth in the Government's request:

1. The United States' motion for an order to show cause (Doc. 17) is **GRANTED**.

2. Defendant is **ORDERED** to file, on or before May 20, 2022, a written statement addressing the following:

    a. Why the Court should not hold her in contempt of the obligations under the permanent injunction.

    b. Why the Court should not order her to disgorge all fees she received for tax preparation services performed in violation of the permanent injunction.

    c. Why $60,000 is not a reasonable approximation of the fees she received in violation of the permanent injunction.

    d. Why she should not be ordered to pay the United States' reasonable fees and expenses in enforcing her compliance.

3. Defendant is **FURTHER ORDERED** to appear **IN PERSON** before the Court at Courtroom 4, on May 26, 2022, at 10:00 a.m. in the United States Courthouse, 2500 Tulare Street (7th Floor), Fresno, California 93721.

4. The United States **SHALL** personally serve Defendant with a copy of this Order and all papers related to its motion no later than **May 5, 2022** and shall promptly file proof of service with the Court.

///
///
///
///
///
///
///
///

Defendant is advised that she has the right to be represented by counsel at this hearing.[2] Defendant is **WARNED** that failure to comply with this order may subject her to contempt sanctions, including monetary sanctions.  **Defendant is further cautioned that her failure to appear at the hearing may result in the issuance of a warrant for his arrest**.

IT IS SO ORDERED.

Dated:   **May 3, 2022**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE

---

[2] Defendant was represented by counsel in this case up to and through the entry of judgment.  If counsel of record does not intend to continue representing Defendant for purposes of the show cause hearing, substitution of counsel shall be filed or counsel shall promptly notify the court of the status of representation.  These proceedings will not be delayed for a failure to resolve representation issues in a timely manner