# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>v.<br>ESTHER OREGON, an individual, and dba MEX TAX SERVICE,<br>　　　　　Defendant. | Case No. 1:21-cv-00461-JTL-BAM<br><br>ORDER DENYING WITHOUT PREJUDICE REQUEST FOR COUNSEL<br><br>(Doc. 24) |

On February 2, 2022, this Court granted the parties' joint motion for entry of judgment and permanent injunction against Defendant Esther Oregon, both individually and doing business as Mex Tax Service, barring Defendant from acting as a tax return preparer. (Docs. 15, 16.) On April 28, 2022, the United States filed a request for an order to show cause why Defendant should not be held in civil contempt for failing to comply with the permanent injunction. (Doc. 17.) As part of its request for an order to show cause, the United States suggests the following sanctions would be appropriate: disgorgement of the $60,000 in fees Defendant earned in violation of the permanent injunction; and an award of attorney's fees and expenses to the United States. (Doc. 17-1 at 6–7.)

On May 3, 2022, the Court granted the government's request; issued an order to show cause; ordered Defendant to file a written statement addressing certain questions; and ordered Defendant to personally appear on May 26, 2022, at 10:00 a.m. (Doc. 18.) In its May 3, 2022, order, the Court indicated that there was some question as to whether defense counsel of record

1  would continue in the case and warned "[t]hese proceedings will not be delayed for a failure to
2  resolve representation issues in a timely manner." (*Id*. at 3 n.2.)

3      On May 5, 2022, at the government's request due to a scheduling conflict, the May 26,
4  2022, hearing was continued to June 16, 2022. (*See* Doc. 19.) The government acknowledged at
5  that time that Defendant was looking to change counsel. (*Id*.) On May 24, 2022, Defendant's
6  former counsel filed a substitution of attorney, seeking to remove himself from the case and to
7  instead allow Defendant to proceed pro se. (Doc. 22.) That request was approved. (Doc. 23.)

8      On at least one occasion since the order to show cause issued on May 3, 2022, Defendant,
9  acting pro se, has attempted to file with the Court a written response to the order to show cause
10 without signing her response under the penalty of perjury. The documents were returned to her
11 for failure to properly swear to their content. No properly sworn responses have yet been filed. As
12 a result, the record contains no substantive, written response to the order to show cause.

13     On May 31, 2022, Defendant filed a motion to appoint counsel in which she asserts that
14 she "can't afford legal representation." (Doc. 24.)

15     On June 7, 2022, the United States filed an objection to the appointment of counsel to the
16 extent doing so will delay these proceedings. (Doc. 25.) The United States claims that "[a]ny
17 continuance to the June 16, 2022 hearing would prejudice the United States because it will need
18 to continue to investigate and monitor Ms. Oregon's compliance with the permanent injunction
19 and judgment. Moreover, Ms. Oregon has not yet fully complied with the terms of the permanent
20 injunction and judgment. Any delay of the June 16, 2022 hearing would result in a further delay
21 of brining Ms. Oregon into compliance with the Court's order." (*Id*. at 3.)

22     Having considered the matter in light of the available authorities, the Court finds that it
23 must deny Defendant's request for counsel. Under existing Supreme Court precedent, an indigent
24 civil defendant may be entitled to appointment of counsel in a civil contempt proceeding where
25 the requested sanctions include imprisonment. *See Turner v. Rogers*, 564 U.S. 431, 444–48
26 (2011) (right to counsel attaches in civil contempt proceedings where liberty is threatened under
27 certain circumstances); *see also Sec. & Exch. Comm'n v. Lee*, No. 14-CV-347-LAB-BGS, 2019
28 WL 4934181, at *5 (S.D. Cal. Oct. 7, 2019) (declining to find right to counsel where sanctions

requested in civil contempt proceeding did not involve imprisonment). Relatedly, the Court does not have discretion to appoint counsel under the Criminal Justice Act in civil contempt proceedings where imprisonment is not threatened. Guide to Judiciary Policy, Vol 7 Defender Services, Part A Guidelines for Administering the CJA and Related Statutes, Chapter 2: Appointment and Payment of Counsel.[1]

Accordingly, Defendant's request for counsel (Doc. 24) is DENIED WITHOUT PREJUDICE to a renewed request should the circumstances, including the requested remedies, change. The order to show cause hearing remains on calendar for June 16, 2022, at 1:45 pm, in Courtroom 3, 2500 Tulare Street (7th Floor), Fresno, California 93721. Defendant's personal appearance remains mandatory.

IT IS SO ORDERED.

Dated: __June 9, 2022__

UNITED STATES DISTRICT JUDGE

---

[1] Available at https://www.uscourts.gov/rules-policies/judiciary-policies/cja-guidelines/chapter-2-ss-210-representation-under-cja#a210_20_20 (last visited June 9, 2022).